**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

GEORGE A. GOEHRING,
<u>Plaintiff-Appellee,</u>

v.

MARK DOUGLAS CARR,

No. 95-1250

<u>Defendant-Appellant,</u>

and

UNITED STATES OF AMERICA,
<u>Defendant.</u>

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
J. Frederick Motz, Chief District Judge.
(CA-93-4171-JFM)

Argued: November 1, 1995

Decided: September 10, 1996

Before RUSSELL, WIDENER, and HALL, Circuit Judges.

_____

Dismissed by unpublished per curiam opinion. Judges Russell and
Hall concur, Judge Widener dissents.

_____

**COUNSEL**

**ARGUED:** Herbert Better, ZUCKERMAN, SPAEDER, GOLD-
STEIN, TAYLOR & BETTER, Baltimore, Maryland, for Appellant.
Charles Gerald Bernstein, BERNSTEIN & SAKELLARIS, Balti-

more, Maryland, for Appellee. **ON BRIEF:** Cyril V. Smith, ZUCK-ERMAN, SPAEDER, GOLDSTEIN, TAYLOR & BETTER, Baltimore, Maryland, for Appellant.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

The defendant, United States Postal Inspector Mark Carr, prosecutes an interlocutory appeal from the order of the district court denying his motion for summary judgment of qualified immunity in defense of claims of excessive force in violation of the Fourth Amendment. We dismiss the appeal.

The plaintiff, George Goehring, brought an action under the Federal Tort Claims Act, 28 U.S.C § 2671 et seq., against the United States alleging assault, battery, and negligent planning and execution of a search warrant. Goehring, in the same complaint, brought a separate action against Carr individually for Bivens type violations of the Fourth Amendment.[1] The district court granted the United States' motion for summary judgment on the finding that there were no facts in the record from which a jury could infer that Carr or any other agents acted with actual malice toward the plaintiff as required under Maryland law.[2] However, viewing the facts in the light most favorable to the plaintiff, the district court found that there was a genuine issue of material fact as to whether a reasonable officer could have believed that Carr's use of force (Goehring was shot in the hand and forearm) was objectively reasonable under the circumstances. The district court therefore denied Carr's motion for summary judgment

_____

[1] **Bivens v. Six Unknown Named Agents**, 403 U.S. 388 (1971).
[2] The summary judgment in favor of the United States is not mentioned in this appeal even if it is an appealable order.

2

of qualified immunity for the Fourth Amendment claims against him individually.

As stated, the district court found a genuine issue of material fact as to Carr's motion for summary judgment on the ground of qualified immunity. Therefore the issue on appeal to this court is whether the record contains evidence sufficient to create a genuine issue of material fact. If so, the denial of summary judgment is not immediately appealable. Johnson v. Jones, 63 U.S.L.W. 4552, 132 L.Ed. 2d 238, 115 S.Ct. 2151, 2159 (1995).

Judges Russell and Hall are of opinion that the record supports the conclusion that there is such an issue of material fact, Judge Widener is of opinion that it does not.

This appeal is accordingly

DISMISSED.

Judges Russell and Hall concur, Judge Widener dissents.

3